**CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE**

This Settlement Agreement ("Agreement") is entered into between Plaintiff, LISA CANTWELL, including her heirs, executors, administrators, successors, and assigns (hereinafter, collectively, "Plaintiff") and Defendant, JRSK, INC. D/B/A AWAY and its parent companies, subsidiaries, divisions, successors and assigns (hereinafter, collectively, "Defendant").

WHEREAS, Plaintiff alleges that Defendant has the following website: www.awaytravel.com (the "Website"), which is available through the Internet;

WHEREAS, Plaintiff filed a purported class action in the U.S. District Court for the Eastern District of New York (the "Court") entitled *Lisa Cantwell, on behalf of herself and all others similarly situated v. JRSK, INC. D/B/A AWAY* (Docket No. 1:24-cv-06917) alleging that the Website is not fully accessible to individuals with disabilities in violation of Title III of the Americans with Disabilities Act of 1990 ("ADA") and the New York City Human Rights Law ("NYCHRL") (the "Action").

NOW THEREFORE, in consideration of the mutual promises contained therein, and intending to be legally bound, the parties agree, as follows:

1.      <u>General Release of Claims</u>.  For and in consideration of the promises, commitments and undertakings set forth in this Agreement, and for other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff shall release and discharge Defendant, together with its past, present, and future officers, directors, employees, members, stockholders, parent entities, subsidiary entities, affiliates, licensees, insurers, reinsurers, third party administrators, and the predecessors, successors, heirs, executors, administrators, and assigns of each of the foregoing, each in their capacity as such (collectively, the "Released Parties"), from any and all claims, causes of action, suits, demands, rights, liabilities, damages, lawsuits, losses, fees, costs or expenses of any kind whatsoever, whether known or unknown, including any monetary, injunctive or declaratory

relief relating thereto, or for reimbursement of attorneys' fees, costs and expenses, relating to the Action under any federal, state or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, but not including claims related to the enforcement of this Agreement. This release specifically applies to all claims regarding the accessibility of the Website, which includes all pages therein and linked to therefrom, including but not limited to all claims arising from or relating to the ADA, any federal, state, or local law, statute or ordinance, rule or principle of common law or doctrine in law or equity, known or unknown, suspected or unsuspected, foreseen or unforeseen, real or imaginary, actual or potential, through the date of this Agreement (the "Released Claims"). Plaintiff acknowledges that she may have released claims that are presently unknown and that the release contained in this Agreement is intended to and does fully, finally and forever discharge all such released claims, whether now asserted or unasserted, known or unknown, he may have against Defendant and Released Parties.

2. <u>Payment of Certain Expenses</u>. Defendant agrees to pay consideration in the amount of $▮▮▮▮▮ (the "Settlement Amount") to settle the claims asserted in the Action. The Settlement Amount shall be payable to Plaintiff's counsel, Stein Saks, PLLC, and sent to the address listed in Paragraph 9 of this Agreement within thirty (30) days of Defendant's receipt of the Agreement executed by Plaintiff and conditioned upon Plaintiff and Plaintiff's counsel providing a completed IRS Form W-9. Payment of this amount shall represent full and complete payment for all of Plaintiff's monetary claims, including his attorneys' and his expert's claims for monetary relief, any claims which were raised or which could have been raised in this Action, whether known or unknown. Defendant shall have no role, responsibility, liability or interest regarding how the total settlement amount is to be divided among Plaintiff, Plaintiff's attorneys, Plaintiff's expert witness(es), or any other persons with claims to said settlement amount. Except as set forth herein, each party to this Action shall bear their own fees, expenses and costs related to this Action. The

Document Ref: 2EDTD-BASMQ-OC3BU-9OIBS                                                             Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

parties herein agree that any future action brought by the Plaintiff regarding the subject matter of the Action and this Agreement, shall be limited to enforcement of this Settlement Agreement.

## MISCELLANEOUS PROVISIONS

3.      Plaintiff and Plaintiff's Counsel acknowledge and agree that they are not presently aware of any other claims against Defendant or any affiliated entities, that they are not aware of anyone else with claims against Defendant or any affiliated entities, and they do not currently intend to bring or encourage anyone else to bring other claims against Defendant or any affiliated entities for any conduct related to the Website or the allegations in the Action.

4.      Enforcement.  If any of the parties hereto claim that this Agreement or any portion of it has been violated ("breach"), except claims for breach of paragraph 2 above, the party alleging the breach shall give written notice (including reasonable particulars) of such violation to the party alleged to be in breach.  The party alleged to be in breach of the agreement must respond to such written notice of breach no later than sixty calendar days thereafter ("Cure Period") .  If the alleged breach is of a nature that it cannot be cured during the Cure Period, the parties shall mutually extend the Cure Period to reflect the reasonable time period in which the alleged breach can be cured.  If the parties are unable to reach a mutually acceptable resolution during the Cure Period, or any extension thereof, the party alleging a breach of the Agreement may seek court enforcement of compliance with this Agreement.  The Court shall, in its discretion, award reasonable attorneys' fees and costs to the prevailing party in any such enforcement action.

5.      Scope.  This Agreement does not purport to remedy any violations or potential violations of the ADA or any federal, state, or local law, other than those relating to the accessibility of the Website to individuals with disabilities.

6.      Authority.  The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Agreement.

3

7.  <u>Confidentiality</u>.  Plaintiff, for herself and her Counsel, agents and representatives, and Defendant, its Counsel, agents and representatives, agree that they will not without the prior written consent of the other Party communicate, publish, display, discuss, disclose, reveal or characterize (directly or indirectly by innuendo or other means) in any way to anyone under any circumstances (i) the terms of this Agreement and (ii) the negotiations leading up to this Agreement, except (a) as may be required by Order of Court or other quasi-judicial or regulatory body with the legal right and power to demand such information, (b) to Plaintiff's or Defendant's legal and financial advisors, in each case where such disclosure may be required for legitimate legal, business or tax purposes and where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement, (c) to any appropriate regulatory or tax authorities with jurisdiction over Plaintiff or Defendant, (d) any vendors and/or contractors engaged by the Defendant to carry-out its obligation under this Agreement and where the recipient of such information agrees to receive and maintain the information in strict confidence in accordance with the terms of this Agreement and (e) as otherwise may be required by law.  Prohibited disclosure hereunder shall include, without limitation, the making of any statement, written or oral, to any person through any medium, including (without limitation) newspaper, magazine, radio, television or electronic media (such as internet website, chat room, instant messaging or any other similar medium).  If Plaintiff or Defendant, or their respective Counsel, agents or representatives receive an inquiry about this Agreement, the Action, any disputed matter, any released claims, or any other matter subject to the confidentiality and non-disclosure provisions of this Agreement, such Party will respond only "the matter has been amicably resolved and settled."  Further, Plaintiff and Defendant and their respective Counsel, agents and representatives, agree not to make any disparaging remarks about the other Party relating to (i) this Agreement, or (ii) the services or practices of any of the Released Parties.  If any Party shall be in

Document Ref: 2EDTD-BASMQ-OC3BU-9OIBS                                                                                                    Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

material breach of the obligations in respect of the confidentiality and non-disclosure provisions of this Agreement, the non-breaching Party shall be entitled to, in addition to other remedies, temporary and permanent injunctions restraining such breach, and to a decree for specific performance of this provision.  The Parties further agree that non-breaching Party shall be entitled to recover from the breaching Party its attorneys' fees and costs expended in any action or proceeding to enforce this Settlement Agreement.

8. <u>Counterparts Permissible</u>.  This Agreement may be executed in counterparts, each of which shall be deemed an original against the Party whose signature is provided, and all of which shall be considered an original and together shall constitute one agreement binding on all Parties. Electronic signatures shall be deemed to be as valid and enforceable as original ink signatures. Given Plaintiff is visually impaired, it is permissible for her to electronically sign the Agreement by confirming in email that she agrees to all of its terms or DocuSign or a comparable program.

9. <u>Notices</u>.  All letters, notices, requests, demands and other communication required or permitted to be given to the Parties pursuant to this Agreement shall be in writing, provided by electronic mail, facsimile, and/or next-day (excluding Saturday and Sunday) express delivery service and addressed as follows:

For Plaintiff:

> Rami M. Salim, Esq.
> STEIN SAKS, PLLC
> One University Plaza, Suite 620
> Hackensack, NJ 07601
> Email: rsalim@steinsakslegal.com
> Phone: 201-282-6500

For Defendant:

> Joseph J. DiPalma, esq.
> JACKSON LEWIS P.C.
> 44 South Broadway, 14th Floor
> White Plains, NY  10601
> Email:  Joseph.DiPalma@jacksonlewis.com
> Phone:  914-872-6920

5

Document Ref: 2EDTD-BASMQ-OC3BU-9OIBS

Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

10. <u>Governing Law</u>.  This Agreement shall be governed by the laws of the State of New York without regard to conflicts or choice of law rules or principles.  Any action to enforce the terms of this Agreement shall be filed in the State of New York only.

11. <u>Waiver</u>.  If a party, by its actions or omissions, waives or is adjudged to have waived any breach of this Agreement, any such waiver shall not operate as a waiver of any other subsequent breach of this Agreement.

12. <u>Non-Assignment</u>.  Plaintiff represents and warrants that she has made no assignment, and will make no assignment of any claim, right to sue, right of action, or any right of any kind whatsoever, embodied in any of the claims and allegations which are being released, as set forth above, and that no other person or entity of any kind had or has any interest in any of the demands, obligations, actions, causes of action, debts, liabilities, rights, contracts, damages, attorneys' fees, costs, expenses, losses, or claims referred to herein.

13. <u>Non-admission of Wrongdoing</u>.  The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by the Released Parties of wrongdoing or evidence of any liability or unlawful conduct of any kind.

14. <u>Amendment</u>.  This Agreement may not be modified, altered, or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

15. <u>Consent Decree and Stipulation of Dismissal</u>.  The Parties hereto agree, upon execution of this Agreement, to the entry of a Consent Decree, without trial or further adjudication of any issue of fact or law raised in the Action.  The parties, through their respective attorneys of record, shall execute, and Plaintiff, through her attorneys of record shall file the stipulation and order of dismissal.

Document Ref: 2EDTD-BASMQ-OC3BU-9OIBS

Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

16. <u>Successor and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the parties hereto and their respective heirs, executors, administrators, personal or legal representatives, successors and/or assigns.

17. <u>Construction of Agreement</u>.  The parties waive all applicable rules of construction to the extent that any provision of this Agreement should or could be construed against its drafter.  The parties further agree that all provisions of this Agreement shall be construed as a whole, according to the fair meaning of the language used.

18. <u>Severability</u>.  If any provision of this Agreement is or shall be declared invalid or unenforceable by a court of competent jurisdiction, except paragraph 1 (General Release of Claims), the remaining provisions shall not be affected thereby and shall remain in full force and effect.

19. <u>Integration and Modification</u>.  This Agreement contains all of the representations, promises, and understandings of the parties.  There are no other agreements or understandings except as set forth therein.

Intending to be legally bound, the parties have executed this Agreement.

| LISA CANTWELL | JRSK, INC. D/B/A AWAY |
|---|---|
| *Lisa Cantwell* | By: *Carmel Mushin* |
|  | Its: |
| DATED: | DATED: 02 / 20 / 2025 |

7

Document Ref: 2EDTD-BASMQ-OC3BU-9OIBS    Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

## CERTIFICATE *of* SIGNATURE

**REF. NUMBER**
2EDTD-BASMQ-OC3BU-9OIBS

**DOCUMENT COMPLETED BY ALL PARTIES ON**
14 FEB 2025 16:41:51 UTC

**SIGNER**

LISA CANTWELL

EMAIL
LISACANTWELL514@AOL.COM

**TIMESTAMP**

SENT
14 FEB 2025 16:25:07 UTC

VIEWED
14 FEB 2025 16:40:41 UTC

SIGNED
14 FEB 2025 16:41:51 UTC

**SIGNATURE**

*Lisa Cantwell*

IP ADDRESS
142.255.26.160

LOCATION
QUEENS, UNITED STATES

**RECIPIENT VERIFICATION**

EMAIL VERIFIED
14 FEB 2025 16:40:41 UTC

Signed with PandaDoc

PAGE 1 OF 1



Doc ID: e23259ac1e521ba7100988e2af4062801bc5dd26

**Dropbox Sign**  Audit trail

| | |
|---|---|
| Title | Settlement Agreement & General Release_Cantwell |
| File name | signed_release_jrsk__1_.pdf |
| Document ID | e23259ac1e521ba7100988e2af4062801bc5dd26 |
| Audit trail date format | MM / DD / YYYY |
| Status | • Signed |

## Document History

**SENT** — 02 / 19 / 2025, 15:25:42 UTC
Sent for signature to Carmel Mushin (carmel.mushin@awaytravel.com) from jessica.sherrod@awaytravel.com
IP: 137.103.254.121

**VIEWED** — 02 / 20 / 2025, 16:28:44 UTC
Viewed by Carmel Mushin (carmel.mushin@awaytravel.com)
IP: 72.89.219.216

**SIGNED** — 02 / 20 / 2025, 16:29:08 UTC
Signed by Carmel Mushin (carmel.mushin@awaytravel.com)
IP: 72.89.219.216

**COMPLETED** — 02 / 20 / 2025, 16:29:08 UTC
The document has been completed.

Powered by Dropbox Sign